IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL FORREST JONES,                )
                                      )
              Plaintiff,              )
                                      )
        v.                            )        1:09CV1009
                                      )
NORTH CAROLINA DEPARTMENT OF          )
TRANSPORTATION, GOODWILL INDUSTRIES   )
OF NORTHWEST NORTH CAROLINA, INC.     )
                                      )
              Defendants.             )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> and Affidavit/Declaration in Support (Docket Entry 1). Plaintiff filed that Application in conjunction with a pro se Complaint bearing the above caption. (Docket Entry 2.) The Court will deny Plaintiff's request to proceed *in forma pauperis* because his Complaint would be subject to dismissal under 28 U.S.C. § 1915(e)(2).

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Correction</u>, 64 F.3d 951, 953 (4th Cir. 1995) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which

relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

3

the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).  Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff "is currently residing in the state of North Carolina," but claims that he "is domiciled in Pennsylvania." (Docket Entry 2 at ¶ 1.)  Plaintiff alleges no facts to support his conclusory claim of "domicile" in Pennsylvania.  (See id.) Plaintiff acknowledges that "Defendant North Carolina Department of Transportation [("Defendant NCDOT")] is an agency of the State of North Carolina" and that "Defendant Goodwill Industries of Northwest North Carolina, Inc. [("Defendant Goodwill")] is a private, not-for-profit charitable organization operating out of Winston-Salem, North Carolina."  (Id.)

Plaintiff describes "Mohawk Flooring and Janitorial Services,

4

Inc." ("Mohawk") as his "employer." (Id. at ¶ 3(c).) More specifically, "Plaintiff was employed by Mohawk on or about July 17, 2009 as an attendant at [a] rest area [on Interstate 40 in Davie County, North Carolina], to perform cleaning and maintenance duties at the rest area pursuant to a contract between [Defendant NCDOT] and Mohawk . . . ." (Id. at ¶ 4.) Plaintiff sets out a series of objections to the nature of the contract and working relationship that allegedly existed between Defendant NCDOT and Mohawk. (Id. at ¶¶ 7-10.) He further asserts that Mohawk performed its obligations under its contract with Defendant NCDOT, including by keeping the Davie County rest area clean, and therefore objects to the "attempt by [Defendant NCDOT] to terminate Mohawk's contract to maintain the Davie County rest area." (Id. at ¶¶ 12-14.) In addition, Plaintiff contends that Defendant NCDOT thereafter illegitimately contracted with Defendant Goodwill to maintain the Davie County rest area and that, "on December 20, 2009, [Defendant Goodwill] informed [Plaintiff] that his position is 'being eliminated.'" (Id. at ¶¶ 15-18.)

## DISCUSSION

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374

5

(1978)). The party invoking the jurisdiction of the Court, here Plaintiff, "has the burden of proving the existence of subject matter jurisdiction." Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). In this case, Plaintiff purports to invoke the jurisdiction of this Court "based upon the Fourteenth Amendment of the Constitution of the United States, federal statute, and diversity grounds." (Docket Entry 2 at ¶ 2.)

Plaintiff has not alleged sufficient facts to support either the diverse citizenship or monetary threshold requirements of diversity jurisdiction. See 28 U.S.C. § 1332. Nor has Plaintiff identified any applicable federal statute; to the contrary, apart from his purported claim(s) under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has proposed only claims under North Carolina law. (See Docket Entry 2 at ¶¶ 28-37.) The only possible ground for invoking federal question jurisdiction under 28 U.S.C. § 1331 thus lies with Plaintiff's equal protection claim(s).

As his basis for such claim(s), Plaintiff alleges that "he and the other employees of Mohawk employed at the Davie County and other rest areas are in fact, actually, constructively, and in spite of the cover and pretext of the contract; employees of the State of North Carolina . . . ." (Docket Entry 2 at ¶ 19.) Plaintiff further "asserts that the contract between [Defendant NCDOT] and Mohawk was entered into in bad faith by [Defendant NCDOT], that it was performed in bad faith by [Defendant NCDOT],

and that [Defendant NCDOT] now seeks to terminate it in bad faith." (Id. at ¶ 23.) Plaintiff contends that "the aforesaid contract and similar contracts, including the one [Defendant NCDOT] has executed or seeks to execute with [Defendant] Goodwill, has the effect of having the rest area employees working for [Defendant NCDOT] and under the supervision and control of [Defendant NCDOT], but without the compensation and protections given state employees under the laws of the State of North Carolina . . . ." (Id. at ¶ 24.)

As a result, Plaintiff claims entitlement under the Equal Protection Clause "to the same compensation and the same benefits (including but not limited to the same pay as other employees of the state in similar jobs, the same job protection, the same grievance procedures, paid vacation time, and medical and dental insurance – and last, but not least, the right to be transferred into an equal or better state job if his present one is eliminated or contracted out to a third party, e.g., like Goodwill) as provided by law to other employees of the state of North Carolina and on the same terms." (Id. at ¶ 26.) Plaintiff also seeks, as a separate claim under the Equal Protection Clause, "compensation for any difference in pay and benefits . . . accumulating or having accumulated from his original date of hire on or about July 17, 2009." (Id. at ¶ 27.)

In essence, Plaintiff objects to the failure of the State of North Carolina to classify him as a state employee. "Since

7

[Plaintiff] neither asserted nor established the existence of any suspect classification or the deprivation of any fundamental constitutional right, the only inquiry is whether the State's classification is rationally related to the State's objective." Harrah Indep. Sch. Dist. v. Martin, 440 U.S. 194, 199 (1979). Conserving limited tax-payer dollars constitutes a legitimate state interest. See, e.g., Dixon v. Maryland State Admin. Bd. of Election Laws, 878 F.2d 776, 783 (4th Cir. 1989) ("Preservation of the public fisc is, undoubtedly, a legitimate state objective . . . ."). Plaintiff's Complaint acknowledges that the State of North Carolina achieves financial efficiencies (i.e., lower personnel costs in pay and benefits) by contracting through a third-party, rather than by employing rest area workers directly.

Accordingly, Plaintiff's Complaint discloses on its face that he has no claim under the Equal Protection Clause. See, e.g., Lamson v. Blumenthal, 75 Fed. Appx. 811, 813 (2d Cir. 2003) ("Whether to classify a certain category of workers as public employees or as independent contractors is a choice 'left to [the State], not the federal courts.' 'Rational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of [such] choices.'" (internal brackets and citations omitted) (quoting Connolly v. McCall, 254 F.3d 36, 42 (2d Cir. 2001))). Given the absence of a viable federal constitutional or statutory claim and of grounds for the exercise

8

of diversity jurisdiction, this case should not proceed in this Court. See, e.g., Arrington v. City of Raleigh, 369 F.3d 420, 423 (4th Cir. 2010) (citing controlling precedent recognizing "strong preference that state law issues be left to state courts in the absence of diversity or federal question jurisdiction"); Waybright v. Frederick County, Md., 528 F.3d 199, 209 (4th Cir.) ("With all its federal questions gone, there may be authority to keep [the case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."), cert. denied, 129 S.Ct. 725 (2008).[2]

CONCLUSION

In sum, Plaintiff's Complaint would be subject to dismissal under 28 U.S.C. § 1915(e)(2) for frivolity (because it lacks an arguable basis in law and fact), for failure to state a claim, and for seeking damages against an immune party.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **DENIED** and, to the extent it seeks relief in this Court, Plaintiff's Motion to Expedite (Docket Entry 4) is **DENIED AS MOOT**.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                            **United States Magistrate Judge**
November 2, 2010

---

[2] Plaintiff's Complaint suffers from numerous other deficiencies, including that it seeks monetary damages from a state agency that enjoys immunity from such claims under the Eleventh Amendment to the United States Constitution.

9